ORIGINAL

Approved: _____
JARROD L. SCHAEFFER / RYAN B. FINKEL
Assistant United States Attorneys

Before: HONORABLE BARBARA MOSES
United States Magistrate Judge
Southern District of New York

19MAG 3838

------------------------------------X
                                    :
UNITED STATES OF AMERICA,           :    **SEALED COMPLAINT**
                                    :
            -v.-                    :    Violations of
                                    :    18 U.S.C. §§ 1028A,
HOSSEIN WASIRI,                     :    1343, and 2
    a/k/a "Frank Wasiri,"           :
                                    :    COUNTY OF OFFENSE:
            Defendant.              :    NEW YORK
                                    :
------------------------------------X

SOUTHERN DISTRICT OF NEW YORK, ss.:

JOSHUA SMITH, being duly sworn, deposes and says that he is a Special Agent with the United States Department of Homeland Security Investigations ("HSI"), and charges as follows:

**COUNT ONE**

**(Wire Fraud)**

1. From at least in or about June 2015 up to and including at least in or about January 2018, in the Southern District of New York and elsewhere, HOSSEIN WASIRI, a/k/a "Frank Wasiri," the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, and attempting to do so, did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, WASIRI, among other things, provided fraudulent bank records to a particular individual ("Victim-1") designed to disguise his scheme to embezzle more than $1,500,000 from Victim-1's car washing business ("Business-1") and, during the commission thereof, WASIRI transmitted or caused to be transmitted interstate calls designed

2

to mislead Victim-1 and conceal the scheme.

(Title 18, United States Code, Sections 1343 and 2.)

## COUNT TWO

### (Aggravated Identity Theft)

2. From at least in or about January 2017 up to and including at least in or about January 2018, in the Southern District of New York and elsewhere, HOSSEIN WASIRI, a/k/a "Frank Wasiri," the defendant, knowingly did transfer, possess, and use, without lawful authority, a means of identification of another person, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit, WASIRI possessed and used the name, bank account number, or bank card of particular individual during and relation to the wire fraud scheme charged in Count One of this Complaint.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), and 2.)

The bases for my knowledge and for the foregoing charges are, in part, as follows:

3. I have been a Special Agent with HSI for approximately four years. I have been personally involved in the investigation of this matter and I base this affidavit on that personal experience, as well as on my conversations with other law enforcement agents and witnesses, and my examination of various reports and records. Because this affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all of the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

### OVERVIEW OF THE SCHEME

4. Based on involvement in this investigation and the facts set forth below, I respectfully submit that there is probable cause to believe that HOSSEIN WASIRI, a/k/a "Frank Wasiri," the defendant, devised and executed a scheme that operated, in sum and substance, as follows in the Southern District of New York and elsewhere:

        a.    In or about June 2015, Victim-1 hired WASIRI to manage Business-1, which was located in Yorba Linda, California.

        b.    During the course of WASIRI's employment, beginning in or about April 2016 through in or about January 2018, WASIRI periodically emailed Victim-1 documents represented to be bank statements mailed to Business-1 ("Purported Bank Statements"), which WASIRI represented to be true and accurate statements concerning Business-1's finances, but in truth and in fact, many of those Purported Bank Statements did not accurately reflect the operations of Business-1 or balances in the bank accounts which the Purported Bank Statements claimed to describe.

        c.    In or about November 2017, Victim-1 learned that Business-1 was in arrears on several bills, that various checks issued by Business-1 had been returned for lack of funds, and that Business-1 had incurred penalties including, among others, a $10,000 penalty resulting from Business-1's failure to renew a required state business license.

        d.    Based on my participation in this investigation, including my review of financial records obtained from the bank at which accounts for Business-1 are maintained ("Bank-1"), I believe that WASIRI has withdrawn and misappropriated more than approximately $1,500,000 from Business-1.

WASIRI'S ROLE AT BUSINESS-1

5.    Based on my review of records and law enforcement databases, conversations with law enforcement officers and witnesses, and my participation in an interview with Victim-1, I have learned, among other things, the following:

        a.    Victim-1 is the sole owner of Bussiness-1.

        b.    Victim-1 paid HOSSEIN WASIRI, a/k/a "Frank Wasiri," the defendant, approximately $60,000 per year in bi-monthly payments to supervise operations at Business-1 and obtain necessary certificates and licenses for Business-1. Victim-1 did not authorize WASIRI to be paid in any other manner.

        c.    Victim-1 was the only individual authorized to sign checks on behalf of Business-1, and WASIRI typically emailed checks to Victim-1 for Victim-1's signature when Business-1's operations required a signed check.

4

  d. Aside from night cash deposits, Victim-1 did not authorize WASIRI to withdraw funds from any of Business-1's bank accounts without obtaining Victim-1's permission. Under no circumstances was WASIRI authorized to withdraw money from Business-1's bank accounts for WASIRI's personal use or for his family members.

## FRAUDULENT BANK STATEMENTS

  6. Based on my participation in this investigation, including interviews of Victim-1, I have learned, among other things, that in or about April 2016, the password and security questions associated with a particular checking account held on behalf of Business-1 ("Bank Account-1") and a particular savings account held on behalf of Business-1 ("Bank Account-2") were changed. Following the change, Victim-1 was no longer able to access Bank Account-1 or Bank Account-2 online.

  7. Based on my review of law enforcement and financial records, including records obtained from Bank-1 concerning Bank Account-1 and Bank Account-2, I have learned, among other things, the following:

  a. Several of the Purported Bank Statements provided to Victim-1 by HOSSEIN WASIRI, a/k/a "Frank Wasiri," the defendant, did not match true bank statements concerning Business-1's bank accounts that were obtained directly from Bank-1. Based on my training and experience and my involvement in this investigation, I believe several Purported Bank Statements sent to Victim-1 were altered to conceal the true balance in Bank Account-1; payments made from Bank Account-1 to family members of WASIRI; and checks written from Bank Account-1 to WASIRI and entities controlled by WASIRI.

  b. For instance, based on an email provided to law enforcement, I have learned that on or about October 23, 2017, WASIRI sent an email ("Email-1") to Victim-1 and purported to attach a September 2017 bank account statement for Bank Account-1. Based on my comparison of the purported September 2017 bank statement in Email-1 and the true September 2017 bank statement from Bank Account-1 obtained from Bank-1, I determined that they differed in material respects. In particular, the purported bank statement sent by WASIRI reflected a balance of approximately $193,707.88, whereas the true bank statement reflected a balance of only $16,823.56.

   c. Similarly, based on my comparison of the Purported Bank Statements to bank statements provided by Bank-1, I believe at least approximately 175 checks drawn on Bank Account-1 and Bank Account-2 were made payable to WASIRI for a total of approximately $972,910. Victim-1 did not authorize WASIRI to write those checks. Moreover, entries for the 223 checks either do not appear in Purported Bank Statements that WASIRI sent to Victim-1 or were altered to reflect incorrect amounts.

   d. Other unauthorized checks were drawn on Bank Account-2 and made payable to a particular company registered to do business in the State of California ("Wasiri Business-1").[1] For example, among other things, a check for approximately $60,000.00 was drawn on Bank Account-2 and issued to Wasiri Business-1 on or about December 15, 2017. In total, I believe at least five checks drawn on Bank Account-2 were made payable to Wasiri Business-1 for a total of approximately $156,500. Victim-1 did not authorize WASIRI to write those checks.

   e. In addition to the above, I also have identified approximately thirty-one payments made from Bank Account-2 to accounts held by WASIRI's daughter, which total approximately $251,166, and at least one direct payment made from Bank Account-2 to an account held by WASIRI's wife for approximately $897. For example, on or about May 18, 2017, approximately $29,171.75 was transferred to an account held by WASIRI's daughter. Based on conversations that law enforcement officers had with Victim-1, none of those payments were authorized.

  8. Based on my participation in this investigation and my review of the bank statements described above, I believe that HOSSEIN WASIRI, a/k/a "Frank Wasiri," the defendant, used funds from Bank Account-1 and Bank Account-2 for personal expenses, including travel to Aspen, Colorado, and Las Vegas, Nevada.

<u>WASIRI'S CONCEALMENT AND ACTIONS IN FURTHERANCE OF THE FRAUD AND USE OF VICTIM-1'S IDENTIFYING INFORMATION</u>

  9. Based on my participation in this investigation, including my review of travel receipts obtained in connection with this investigation, I have learned that HOSSEIN WASIRI, a/k/a

---

[1] Based on my review of corporate records obtained from the California Secretary of State, I believe that WASIRI owns Wasiri Business-1.

6

"Frank Wasiri," the defendant, traveled to New York City on or about March 23, 2017.

10. Based on my participation in this investigation, including interviews of Victim-1, as well as my review of records related to Business-1, I have learned that, in or about March 2017, a particular insurance company ("Insurance Company-1") provided insurance for Business-1.

11. Based on my conversions with employees of Insurance Company-1 and a review of records reflecting phone calls made or received by HOSSEIN WASIRI, a/k/a "Frank Wasiri," the defendant, I have learned that WASIRI received a telephone call from Insurance Company-1, which was routed through one of seven Insurance Company-1 call centers (all of which are located outside of New York State)on or about March 23 and 24, 2017, while WASIRI was within the Southern District of New York, concerning an insurance claim filed against Business-1.

12. Based on my review of financial records, I know that payments to Insurance Company-1 on behalf of Business-1 were later made from Bank Account-1. As a result of those payments, Insurance Company-1 continued to maintain the insurance policy previously purchased by Business-1.

13. As described more fully above, *see* ¶ 5(b), HOSSEIN WASIRI, a/k/a "Frank Wasiri," the defendant, was responsible for obtaining necessary certificates and licenses for Business-1, including certificates evidencing required insurance coverage. Based on my training and experience, I believe that a lapse in the insurance coverage provided by Insurance Company-1 due to non-payment of premiums posed a risk that Victim-1 would be alerted to financial issues at Business-1, particularly if a claim covered by Business-1's policy had been filed against Business-1.

14. Based on my review of financial records concerning the a particular debit card bearing an account number ending in "5370" (the "5370 Card"), as well as my interviews with Victim-1, I have learned, in substance and in part, the following:

    a. The 5370 Card is registered in the name of Victim-1, and linked to an account for which Victim-1 is the signatory.

    b. According to Victim-1 and my examination of bank cards in Victim-1's possession, I know that Victim-1 does not possess a bank card with an account number ending in "5370," and

7

that the card was requested and issued without Victim-1's knowledge.

    c.    Based on my training and experience, I know that making purchases or payments with the 5370 Card would require, at a minimum, the use of Victim-1's name and the account number for the 5370 Card.

    d.    Purchases and withdrawals in the United States using the 5370 Card were made during and after in or about January 2017, even though Victim-1 left the United States in or about March 2016 and has not returned.

    e.    Purchases and withdrawals using the 5370 Card include insurance policies on a home and vehicles owned by WASIRI's family.

15.  Based on my participation in this investigation, as well as my training and experience, I believe that HOSSEIN WASIRI, a/k/a "Frank Wasiri," the defendant, possessed and used the 5370 Card, and thus possessed and used means of identification of Victim-1, without authorization.

WHEREFORE, the deponent respectfully requests that a warrant be issued for the arrest of HOSSEIN WASIRI, a/k/a "Frank Wasiri," the defendant, and that he be arrested and imprisoned, or bailed, as the case may be.

_____
JOSHUA SMITH
Special Agent
Department of Homeland Security
Investigations

Sworn to before me this
18 day of April 2019

_____
HONORABLE BARBARA MOSES
United States Magistrate Judge
Southern District of New York