**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street, 10th Floor
New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

Tamara Giwa
*Executive Director*

Jennifer L. Brown
*Attorney-in-Charge*

May 23, 2024

**BY ECF AND EMAIL**
Honorable Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
40 Foley Street
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: __10/31/24__

Re:   **United States v. Hossein Wasiri,**
      **19 Cr. 423 (ALC)**

Dear Judge Carter:

    I write to request that the Court order the early termination of Hossein "Frank" Wasiri's supervised release. Mr. Wasiri began supervision on April 22, 2022, and has successfully completed more than two years of the three years imposed. Probation supports this request; the government opposes it.

    The Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). To make this determination, the Court considers the § 3553(a) factors to the extent they are applicable, but it does not consider punishment for the underlying offense. *Id.* (enumerating 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), and specifically omitting § 3553(a)(2)(A) (punishment for the offense)).

    Now 56 years old, Mr. Wasiri has no criminal history other than his conviction for bank larceny in this case. At the time of sentencing, on April 22, 2022, he had recently suffered a debilitating stroke. The Court determined, in the totality of the circumstances, that imprisonment would be greater than necessary; it imposed a sentence of time served and three years of supervised release, including 30 hours of community service. The Court also ordered restitution in the amount of $1,350,356.39.

    Mr. Wasiri has now completed two years and one month of supervised release. He has been fully compliant with supervision and has completed all of his community service hours. Mr. Wasiri has been employed to the extent he is able, as

a ride share driver. From his meager income, he has made consistent efforts to pay restitution.

Mr. Wasiri's Probation Officer, Natasha Kaliski, confirms Mr. Wasiri's compliance with supervision, his completion of community service, and his restitution payments. She advises that Probation has no objection to terminating supervision at this time. Although a very substantial restitution balance remains, Ms. Kaliski does not see that as a reason to continue Mr. Wasiri's supervised release. She explains that she has spoken with Mr. Wasiri about restitution and he understands that he is still to make payments on the restitution if his supervision is terminated early.

On behalf of the government, Assistant United States Attorney Ryan Finkel, who is now handling this matter since AUSA Jarrod Schaeffer's departure from the U.S. Attorney's Office, advises that the government opposes this request because the Court's sentence is not yet complete and significant restitution is outstanding.

I submit that termination of Mr. Wasiri's supervision at this time "is warranted by the conduct of the defendant released and the interest of justice." § 3583(e)(1). Given Mr. Wasiri's limited criminal history, poor health, continued good conduct and compliance with supervision, and obligation to continue to make restitution payments post-supervision, the relevant purposes of sentencing would not be advanced by requiring him to complete the last 11 months of his supervision.

Respectfully submitted,
/s/
Clay H. Kaminsky
Assistant Federal Defender
(212) 417-8749

cc:   AUSA Ryan Finkel (by email)
      USPO Natasha Kaliski (by email)

The application is **GRANTED**.
So Ordered.

*[signature]*
**10/31/24**

2